ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
DERRICK TALERICO (SBN 223763)
dtalerico@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:   310-282-2000
Facsimile:   310-282-2200

LISA HILL FENNING (SBN 089238)
lisa.fenning@aporter.com
ARNOLD & PORTER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Telephone:   213-243-4000
Facsimile:   213-243-4199

Attorneys for Plaintiff
CANPARTNERS REALTY HOLDING
COMPANY IV LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO CHINATOWN, LLC,<br><br>    Debtor.<br><br>_____<br><br>CANPARTNERS REALTY HOLDING COMPANY IV LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MERUELO CHINATOWN, LLC,<br><br>    Defendant. | Case No. SV 09-21622-KT<br><br>Adv. No.<br><br>Chapter 11<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022                    COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Canpartners Realty Holding Company IV LLC ("Canyon") files this Complaint seeking a declaratory judgment as to the validity and extent of its lien on the real property of Meruelo Chinatown, LLC (the "Debtor"), which was granted in connection with a loan made by Canyon to Meruelo Maddux – 845 S. Flower Street, LLC ("Borrower"). This Complaint is predicated upon Federal Rules of Bankruptcy Procedure ("FRBP") 7001(2) and (9).

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding relates to the pending Chapter 11 bankruptcy of Meruelo Chinatown, LLC, Case No. SV 09-21622-KT in the Central District of California, San Fernando Valley Division. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

2.  Canpartners Realty Holding Company IV LLC is a Delaware limited liability company, and maintains its main office in Los Angeles, California.

3.  Meruelo Chinatown, LLC is a California limited liability company, and maintains its main office in Los Angeles, California.

4.  Meruelo Maddux – 845 S. Flower Street, LLC, is a Delaware limited liability company, and maintains its main office in Los Angeles, California. Canyon believes Borrower to be a required party to this action under Federal Rule of Civil Procedure ("FRCP") 19(a)(1) and FRBP 7019. Per FRCP 19(c), Borrower is not joined as a party to this action due to the possible application of the § 362(a) automatic stay resulting from Borrower's ongoing administration before this Court in Case No. 1:09-bk-21621-KT. But, Borrower is the named defendant in a substantially identical adversary complaint filed in the Borrower's bankruptcy case. Canyon intends to consolidate these two lawsuits.

# FACTUAL ALLEGATIONS

*The Loan*

5.  An $84 million construction loan (the "Loan") from Canyon to Meruelo Maddux – 845 S. Flower Street, LLC ("Borrower"), was made to fund construction of a 35-story residential tower, restaurant, and parking facility (the "Project") located at 845-847 South Flower Street in the City of Los Angeles, State of California.

6.  The collateral pledged on account of the Loan includes: (1) the above-described 35-story residential tower, which real property is commonly known as 717 Ninth Street, Los Angeles, California, located at 845-847 South Flower Street (the "Project Property"); and (2) real property located in the City and County of Los Angeles, which property is commonly known as 129 College Street, in the Chinatown neighborhood of Los Angeles (the "Separate Property").

7.  The Separate Property is an asset of Debtor.

8.  The Loan was negotiated in June/July of 2008, and entered into by Canyon and Borrower as of July 31, 2008. The loan documents (the "Loan Documents") are voluminous, and include, among other things: (1) a Loan Agreement (the "Loan Agreement," a true and correct copy of which is attached hereto as Exhibit "A"); (2) an $84 million Promissory Note (the "Note," a true and correct copy of which is attached hereto as Exhibit "B"); (3) two Deeds of Trust (one each for the Project Property and the Separate Property, the "Project Deed of Trust," a true and correct copy of which is attached hereto as Exhibit "C," and the "Separate Deed of Trust," a true and correct copy of which is attached hereto as Exhibit "D," respectively); and (4) two Title Policies in favor of Canyon (one each for the Project Property and the Separate Property, the "Project Title Policy," a true and correct copy of which is attached hereto as Exhibit "E" and the "Separate Title Policy," a true and correct copy of which is attached hereto as Exhibit "F" respectively).

9.  The Separate Deed of Trust was recorded on August 4, 2008, as Document No. 20081390447 in the Official Records of the County of Los Angeles, California.

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

3

COMPLAINT FOR DECLARATORY RELIEF

10. The Loan Agreement defines "Deeds of Trust" collectively to refer to both the Project Deed of Trust and the Separate Deed of Trust. <u>Loan Agreement</u>, Section 1.1, pg.7.

11. The Loan Agreement states that, "[t]he Loan shall be evidenced by the Note and secured by, among other things, the Deeds of Trust and the other Loan Documents." <u>Loan Agreement</u>, Section 2.1(b), pg.18. This statement is made without limitation as to the amount of the Loan secured by the Separate Deed of Trust, or distinction as to the amount of the Loan secured by the Separate Deed of Trust as compared to the Project Deed of Trust.

12. Section 6.29 of the Loan Agreement states that, "Lender will release the Separate Property upon Borrower obtaining an Acceptable Temporary Certificate of Occupancy for the entire Project. Lender may realize upon the Separate Property upon an Event of Default." <u>Loan Agreement</u>, Section 6.29, pg.58.

13. Section 6.29 of the Loan Agreement is the sole reference in any Loan Document of the circumstances in which Canyon is to release the Separate Property.

14. The Separate Deed of Trust states in no uncertain terms that the Separate Property secures payment of the indebtedness evidenced by the Note. It is uncontroverted that the Project Deed of Trust secures repayment of the indebtedness evidenced by the Note, and the Separate Deed of Trust tracks the language of the Project Deed of Trust word-for-word in describing the debt and obligation secured by the Separate Deed of Trust:

> 2.1  <u>DEBT</u>. This Deed of Trust and the grants, assignments and transfers made in <u>Article 1</u> are given for the purpose of <u>securing</u> the following, in such order of priority as Lender may determine in its sole discretion (the "<u>Debt</u>"):
>
> (a) *<u>the payment of the indebtedness evidenced by the Note</u>* in lawful money of the Unites States of America;
>
> (b) the payment of interest, default interest, late charges and other sums, as provided in the Noted, this Deed of Trust or the other Loan Documents;

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

4

COMPLAINT FOR DECLARATORY RELIEF

        (c) the payment of all other moneys agreed upon or provided to be paid by Borrower or Trustor in the Note, this Deed of Trust or the other Loan Documents; and

        (d) the payment of all sums advanced pursuant to this Deed of Trust to protect and preserve the Property and the lien and the security interest created hereby. <u>Separate Deed of Trust</u>, Section 2.1, pg.9; <u>Project Deed of Trust</u>, Section 2.1, pg.9. (Emphasis added).

This statement is made without limitation as to the amount of the Loan secured by the Separate Deed of Trust, or distinction as to the amount of the Loan secured by the Separate Deed of Trust as compared to the Project Deed of Trust.

    15.    The Separate Title Policy provides for identical coverage as the Project Title Policy and states that policies on the Separate Property and the Project Property are issued in conjunction with one another, each in the amount of $84,000,000. <u>Separate Title Policy</u>, pg.18. The extent of title coverage on the Separate Property is for the full amount of the Loan, and is not limited to the construction risk associated with the failure to complete the Project.

*Default*

    16.    Section 9.1 of the Deeds of Trust provide for various Events of Default. Section 9.1(a) incorporates the Events of Default provided in Section 10.1 of the Loan Agreement. Events of Default under the Loan Agreement include, but are not limited to, the following:

    a.  <u>Section 10.1(a)</u> – If "Borrower fails to pay all or any portion of any installment of principal or interest due under the Note or under the Loan Documents...." <u>Loan Agreement</u>, Section 10.1(a), pg.77.

    b.  <u>Section 10.1(i)</u> – If "[a]ny Borrower Party [defined elsewhere in the Loan Agreement to include, among others, Meruelo Maddux Properties, Inc. or Debtor] is the subject of an order for relief in a bankruptcy case, or is unable or admits in writing its inability to pay its debts as they mature...." <u>Loan Agreement</u>, Section 10.1(i), pg.78.

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

5

COMPLAINT FOR DECLARATORY RELIEF

  c. Section 10.1(n)(iii) – "[F]ailure [of Borrower] to cause Substantial Completion by the Substantial Completion Date." Loan Agreement, Section 10.1(n), pg.79.

  d. Section 10.1(p) – "An event of default under any of the other Loan Documents...." Loan Agreement, Section 10.1(p), pg.80.

17. The Events of Default described in paragraph 15 herein have occurred as follows (without limitation):

  a. Section 10.1(a) – Borrower failed to make the required Interest payment on the October Payment Date per the terms of the Note.

  b. Section 10.1(i) – On March 27, 2009, Meruelo Maddux Properties, Inc. filed a voluntary petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court, Central District of California (San Fernando Valley), Case No. 1:09-bk-13356-KT. Also, On September 3, 2009, Debtor and Borrower filed for bankruptcy protection in the United States Bankruptcy Court, Central District of California (San Fernando Valley), Case Nos. 1:09-bk-21622-KT and 1:09-bk-21621-KT, respectively.

  c. Section 10.1(n)(iii) – Borrower failed to achieve Substantial Completion of the Project by the September 30, 2009 Substantial Completion Date.

  d. Section 10.1(p) – As a result of the payment default described in subsection (a) of this paragraph, among other defaults, Guarantor's obligation under the Guaranty (a Loan Document) to repay the balance due on the Note is due and payable. Guarantor's failure to pay Canyon the balance due on the note is a default of the Guaranty.

18. In addition, Borrower has defaulted upon Section 6.12(b) of the Loan Agreement which provides for (i) Canyon's approval of any manager of the Project Property or the Separate Property, (ii) Canyon's approval of the terms of any such management agreement, and (iii) the proposed manager agrees to subordinate the Management Agreement and executes an Assignment of Management Agreement. In or around February 2009, Borrower executed and entered into that certain "Property Management Agreement" with Legacy Partners Residential, Inc. ("Legacy"), engaging

LA1897232.8
012794-10022

6

COMPLAINT FOR DECLARATORY RELIEF

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

Legacy as a Manager of Borrower (the "Management Agreement," a true and correct copy of which is attached hereto as Exhibit "G"). Prior to entering into the Management Agreement with Legacy, Borrower failed to seek approval of Canyon to Legacy's engagement as a Manager or to the terms of the Management Agreement. Furthermore, Legacy did not execute an Assignment of Management Agreement.

19.  In addition, Borrower has defaulted upon Section 9.1(a) of the Loan Agreement which requires Borrower to deliver to Canyon separate monthly financial statements for the Project no later than the 21st day of each calendar month. Borrower has not delivered the required financial statements to Canyon for the month of September. Such failure is the basis upon which an Event of Default per Section 10.1(k), which provides that an Event of Default shall occur if Borrower fails to deliver to Canyon any of the financial statements and information when due per the Loan Agreement, after fifteen days written notice from Canyon to Borrower.

*Debtor's Admissions*

20.  Debtor's designated officers have made contradictory admissions in declarations submitted to this Court first stating that the Separate Property Deed of Trust secures repayment of the indebtedness evidenced by the Note, then later stating that the Separate Property Deed of Trust does not secure repayment of the indebtedness evidenced by the Note, but merely completion of the Project.

21.  **Original Version**: On April 20, 2009, Richard Meruelo ("Meruelo"), a designated officer of Debtor, executed a declaration that was submitted to this Court in support of a motion to use cash collateral and maintain cash management system in the Meruelo Debtors' joint proceedings (the "Meruelo April Declaration"). In that declaration, Meruelo stated that, "As additional collateral securing the construction loan [for the 845 S. Flower Street project], the lender on the project was given a lien on vacant real property owned by a…Meruelo Chinatown, LLC." Meruelo April Declaration, p.12, para.31c. Attached hereto as Exhibit "H" is a true and correct copy of excerpts from the Meruelo April Declaration.

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

7

COMPLAINT FOR DECLARATORY RELIEF

22. **Second Version**: On September 11, 2009, Meruelo executed a declaration that was submitted to this Court in support of first day motions in Debtor's case (the "Meruelo September Declaration"). In that declaration, Meruelo stated that, "[o]ther than being pledged as additional collateral securing substantial completion of the 705 W. Ninth project, Chinatown is unencumbered." Meruelo September Declaration, p.12, para.34b. Attached hereto as Exhibit "I" is a true and correct copy of excerpts from the Meruelo September Declaration.

23. The second version was reiterated on September 11, 2009 by John Charles Maddux ("Maddux"), a designated officer of Debtor, when he executed a declaration that was submitted to this Court in support of a motion to use cash collateral and maintain cash management system in the Meruelo Debtors' joint proceedings (the "Maddux September Declaration"). In that declaration, Maddux stated that, "[o]ther than being pledged as additional collateral securing substantial completion of the Project, the Chinatown property is unencumbered." Maddux September Declaration, p.18, para.16. Maddux also stated that, "[t]o secure timely completion of the Project, Chinatown executed and delivered to Canpartners a Deed of Trust…." Id., p.19, para.20. Attached hereto as Exhibit "J" is a true and correct copy of excerpts from the Maddux September Declaration.

24. **Third Version**: On October 13, 2009, Debtor's 341(a) meeting was held at the U.S. Trustee's office in Woodland Hills, California. Maddux and Fred Skaggs appeared for Debtor. In response to questions from Canyon's counsel regarding the extent and validity of Canyon's lien on the Separate Property, Maddux admitted that the Separate Property was intended to secure repayment of the Loan, but also claimed that Canyon's lien is to be released from the Separate Property upon Substantial Completion (as that term is defined in the Loan Agreement) of the Project even if Debtor is in default. Maddux claimed the Project is now Substantially Complete and the conditions for the release of Canyon's lien on the Separate Property have been satisfied.

25. Debtor has now taken two different positions by no less than four separate judicial admissions as to what is secured by Canyon's lien on the Separate Property – the

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

8

COMPLAINT FOR DECLARATORY RELIEF

Loan or completion of the Project. On April 20, 2009 and October 13, 2009, Debtor admitted Canyon's lien secured the outstanding balance on the Note. On September 11, 2009, by two separate declaration, Debtor alleged Canyon's lien only secured Substantial Completion of the Project.

26. At the preliminary cash collateral hearing on September 14, 2009, Debtor's lawyers stated that the Separate Property must be released by Canyon upon the issuance of an Acceptable Temporary Certificate of Occupancy notwithstanding the existence of the Events of Default. Maddux's statements at the October 13, 2009 341(a) meeting take the same position, which is contrary to the intent and purpose of the Separate Property Deed of Trust and the Loan Documents.

27. The Original Version and the Third Version are consistent with the grant of the security interest set forth in the Loan Agreement: the Separate Property Deed of Trust secures repayment of the indebtedness evidenced by the Note. However, the Second Version and the Third Version are conveniently shaped to support Debtor's apparent scheme to obtain release of the Separate Property lien without repaying a penny of the $84 million Loan it secures, which is contrary to the intent and purpose of the Separate Property Deed of Trust and the Loan Documents.

## FIRST CAUSE OF ACTION

### (Declaratory Relief as to Extent of Lien)

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. There exists an actual controversy between Debtor and Canyon as to whether the Separate Property Deed of Trust secures repayment of the indebtedness evidenced by the Note, or merely completion of the Project.

30. Per the terms of the Loan Documents, the Separate Property Deed of Trust secures repayment of the indebtedness evidenced by the Note.

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

9

COMPLAINT FOR DECLARATORY RELIEF

## SECOND CAUSE OF ACTION

**(Declaratory Relief as to Extent of Lien)**

31.  Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

32.  There exists an actual controversy between Debtor and Canyon as to whether Canyon must release its lien on the Separate Property when an Event of Default has occurred prior to the issuance of an Acceptable Temporary Certificate of Occupancy for the entire Project.

33.  Per the terms of the Loan Documents, Canyon is not required to release its lien on the Separate Property when an Event of Default has occurred prior to the issuance of an Acceptable Temporary Certificate of Occupancy for the entire Project.

34.  Events of Default have occurred such that but for the automatic stay in the bankruptcy proceeding, Canyon could realize upon the Separate Property.

35.  Due to existing Events of Default, future issuance of an Acceptable Temporary Certificate of Occupancy for the entire Project would not in any way limit Canyon's right to realize upon the Separate Property and would not require Canyon to release the Separate Property.

/ / /

/ / /

/ / /

/ / /

/ / /

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

10

COMPLAINT FOR DECLARATORY RELIEF

WHEREFORE, Plaintiff respectfully requests an Order from the Court:

1. On its first cause of action:

    a. declaring that Canyon's lien on the Separate Property secures repayment of the indebtedness evidenced by the Note in full.

2. On its second cause of action:

    a. declaring that Canyon's lien on the Separate Property shall survive the issuance of an Acceptable Temporary Certificate of Occupancy for the entire Project;

    b. declaring that Canyon is not required to release the Separate Property due to the multiple Events of Default.

3. On both causes of action:

    a. for such other and further relief as the Court may deem just and proper.

Dated: October 19, 2009

LOEB & LOEB LLP
Andrew S. Clare
Lance N. Jurich
Derrick Talerico

ARNOLD & PORTER LLP
Lisa Hill Fenning

By: /s/ Lance N. Jurich
Lance N. Jurich
Attorneys for Plaintiff
CANPARTNERS REALTY HOLDING COMPANY IV LLC

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA1897232.8
012794-10022

11

COMPLAINT FOR DECLARATORY RELIEF