1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  LANCE N. JURICH (SBN 132695)
   ljurich@loeb.com
3  DERRICK TALERICO (SBN 223763)
   dtalerico@loeb.com
4  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
5  Los Angeles, California 90067-4120
   Telephone:   310-282-2000
6  Facsimile:   310-282-2200

7  LISA HILL FENNING (SBN 089238)
   lisa.fenning@aporter.com
8  ARNOLD & PORTER LLP
   777 S. Figueroa Street, 44th Floor
9  Los Angeles, CA  90017-5844
   Telephone:   213-243-4000
10 Facsimile:   213-243-4199

11 Attorneys for Secured Creditor
   CANPARTNERS REALTY HOLDING
12 COMPANY IV LLC

13              UNITED STATES BANKRUPTCY COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15              SAN FERNANDO VALLEY DIVISION

16 In re                          )
                                  )
17 MERUELO MADDUX - 845 S. FLOWER )  Case No. 1:09-bk-21621-KT
   STREET, LLC,                   )
18                                )  Chapter 11
                                  )
19      Debtor in Possession.     )  Case No. 1:09-bk-21622-KT
                                  )
20 In re                          )  Chapter 11
                                  )
21 MERUELO CHINATOWN, LLC,        )  Assigned to Hon. Kathleen Thompson
                                  )
22      Debtor and Debtor-in-Possession. )  **CANPARTNERS' OBJECTION TO**
                                  )  **DEBTORS' DISCLOSURE STATE-**
23                                )  **MENT PURSUANT TO SECTION 1125**
                                  )  **OF THE BANKRUPTCY CODE**
24                                )  **ACCOMPANYING JOINT AND**
                                  )  **CONSOLDIATED PLAN OF**
25                                )  **REORGANIZATION**
                                  )
26                                )  Date:   January 20, 2010
                                  )  Time:   9:30 a.m.
27                                )  Place:  Courtroom 301
                                  )          21041 Burbank Blvd.
28                                )          Woodland Hills, CA 91367

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

# TABLE OF CONTENTS

**Page**

I.   THE PLAN IS NOT FEASIBLE AS TO THE SEPTEMBER
     DEBTORS. ................................................................................................ 2

     A.   The Plan is Not Feasible Because Substantive Consolidation of
          the September Debtors with the Meruelo Debtors is Improper
          Under Applicable Law. ............................................................................ 2

          1.   Substantive Consolidation Is a Unique and Exceptional
               Equitable Remedy and Must Be Used Sparingly. ............................. 3

          2.   The September Debtors Have Not Satisfied the Bonham
               Factors. ............................................................................................ 5

     B.   The Disclosure Statement Cannot be Approved Because It is
          Premised Upon an Impermissible 363 Sale. ............................................. 7

          1.   The proposed 363 Sale does not meet the requirements
               of 363(f). ......................................................................................... 8

          2.   The proposed 363 Sale does not meet the requirements
               of 363(k). ........................................................................................ 8

     C.   The Plan is Not Feasible With Respect to the September
          Debtors Because There Can Be No Consenting Impaired Class
          of Creditors Under Section 1129(a)(10). .................................................. 9

     D.   The Plan is Not Feasible With Respect to the September
          Debtors Because it Fails to Meet Cramdown Requirements of
          Section 1129(b)(2). ................................................................................. 9

          1.   Proposed Treatment of the Project Does Not Meet
               Cramdown Requirements of Section 1129(b)(2). ........................... 10

          2.   Proposed Treatment of the Chinatown Property Does
               Not Meet Cramdown Requirements of Section
               1129(b)(2). ..................................................................................... 11

II.  THE DISCLOSURE STATEMENT DOES NOT PROVIDE A
     FACTUAL BASIS FOR THE VALUATION OF THE PROJECT. .................... 11

III. THE DISCLOSURE STATEMENT DOES NOT PROVIDE
     ADEQUATE INFORMATION REGARDING SUBSTANTIVE
     CONSOLIDATION. ........................................................................................ 12

IV.  CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*,
    391 B.R. 25 (9th Cir. BAP 2008) ................................................................. 8

*In re Arnold & Baker Farms*,
    85 F.3d 1415 (9th Cir. 1996) ................................................................. 10

*In re Augie/Restivo Baking Company, Ltd.*,
    860 F.2d 515 (2nd Cir. 1988) ................................................................. 3-5

*In re Avery*,
    377 B.R. 264 (Bankr. D. Alaska 2007) ................................................... 4-5

*In re Barakat*,
    99 F.3d 1520 (9th Cir. 1996) ................................................................. 9

*In re Bonham*,
    229 F.3d 750 (9th Cir. 2000) ................................................... Passim

*In re Cardinal Congregate I*,
    121 B.R. 760 (Bankr. S.D.Ohio 1990) ................................................... 2

*In re CRIIMI MAE, Inc.*,
    251 B.R. 796 (Bankr. D.Md. 2000) ......................................................... 2

*In re El Comandante Management Company, LLC*,
    359 B.R. 410 (Bankr. D.P.R. 2006) ........................................................ 2

*In re Gingerella*,
    155 B.R. 3 (Bankr. D.R.I. 1993) ............................................................. 7

*In re Kelley*,
    199 B.R. 698 (9th Cir. BAP 1996) ......................................................... 12

*In re Lahijani*,
    2005 WL 4658490 (Bankr. C.D.Cal.) ...................................................... 3

*In re Lisanti Foods, Inc.*,
    329 B.R. 491 (D.N.J. 2005) .................................................................... 12

*In re Monarch Beach*,
    166 B.R. ............................................................................................... 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Page(s)**

*In re Moorpark Adventure,*
  161 B.R. 254 (Bankr. C.D.Cal. 1993) ............................................................. 9

*In re Owens Corning,*
  419 F.3d 195 (3rd Cir. 2005)..................................................................3-5, 12

*In re R&G Properties, Inc.,*
  2009 WL 2043873 (Bankr. D.Vt., July 6, 2009) ........................................... 2

*In re Reilly,*
  71 B.R. 132 (Bankr. D. Mont. 1987) ........................................................... 11

*In re Reserve Capital Corp.,*
  2007 WL 880600 (Bankr. N.D.N.Y., March 21, 2007).............................4-5

*In re Wiersma,*
  227 Fed.Appx. 603 (9th Cir. 2007) ............................................................. 10

*In re Zaruba,*
  384 B.R. 254 (Bankr. D.Alaska 2008) .......................................................... 2

**STATUTES**

11 U.S.C. § 105 ............................................................................................ 3

11 U.S.C. § 363(f) ........................................................................................ 8

11 U.S.C. § 363(f)(5) .................................................................................... 8

11 U.S.C. §363(k) ................................................................................... 8, 10

11 U.S.C. § 1125 .................................................................................... 1, 12

11 U.S.C. § 1125(a)(1) ............................................................................... 12

11 U.S.C. §1129(b) ................................................................................... 8-9

11 U.S.C. § 1129 (b)(2) ........................................................................... 9-11

11 U.S.C. § 1129 (b)(2)(A) ......................................................................... 10

11 U.S.C. § 1129 (b)(2)(A)(i-iii) ................................................................ 10

11 U.S.C. § 1129(b)(2)(A)(ii) ...................................................................... 8

1    Canpartners Realty Holding Company IV LLC ("Canyon") submits this objection

2    (the "Objection") to Debtors' Disclosure Statement Pursuant to section 1125 of the

3    Bankruptcy Code Accompanying Joint and Consolidated Plan of Reorganization (the

4    "Disclosure Statement") solely as to Debtors Meruelo Maddux - 845 S. Flower Street,

5    LLC (the "845 Debtor") and Meruelo Chinatown, LLC (the "Chinatown Debtor," together

6    with the 845 Debtor, the "September Debtors").

7    The fundamental problem with the Disclosure Statement as it applies to the

8    September Debtors is that they should **not** be part of a substantively consolidated plan with

9    the other 54 Meruelo debtors in the related cases that were filed in March 2009 (the

10    "Meruelo Debtors").  The Disclosure Statement offers no factual or legal justification for

11    substantive consolidation.  Indeed, this Court has already concluded that the separate and

12    distinct character of the September Debtors warranted denial of their motion for joint

13    administration with the Meruelo Debtors.

14    More specifically, this Court cannot approve the Disclosure Statement as to the

15    September Debtors because it does not conform with the requirements of section 1125 of

16    Title 11 of the United States Code (the "Bankruptcy Code") because it (i) is filed in

17    support of a plan (the "Plan") that is unconfirmable on its face, because, among other

18    things, it is premised upon a 363 sale (the "363 Sale") and substantive consolidation, both

19    of which are impermissible under applicable legal standards; (ii) fails to provide a valid

20    basis for the purported valuation of the 35-story residential tower located at 705 W. 9th

21    Street,[1] (the "Project") and (iii) fails to provide adequate information regarding substantive

22    consolidation.  The Disclosure Statement is yet another attempt by the September Debtors

23    and the Meruelo Debtors to circumvent well-settled case law and the requirements of the

24    Bankruptcy Code in order to eviscerate Canyon's rights as a secured creditor.

25    Accordingly, this Court cannot approve the Disclosure Statement as to these two cases.

26

27

28

[1] Formerly known as 717 W. 9th Street or 845 S. Flower Street.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

# I.    THE PLAN IS NOT FEASIBLE AS TO THE SEPTEMBER DEBTORS.

Courts have universally recognized that if a plan of reorganization is defective on its face, the disclosure statement should not be disseminated and a confirmation hearing should not be scheduled.  *See e.g., In re Zaruba*, 384 B.R. 254 (Bankr. D.Alaska 2008) (court declined to approve disclosure statement that contained unfeasible plan); *In re El Comandante Management Company, LLC*, 359 B.R. 410, 415 (Bankr. D.P.R. 2006) *citing In re CRIIMI MAE, Inc.*, 251 B.R. 796, 799 (Bankr. D.Md. 2000) ("… court may disapprove a disclosure statement … when the proposed plan 'cannot possibly be confirmed.'"); *In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D.Ohio 1990) (disclosure statement may be inadequate when "… it describes a plan of reorganization … so fatally flawed that confirmation is impossible"); *In re R&G Properties, Inc.*, 2009 WL 2043873 at * 3 (Bankr. D.Vt., July 6, 2009) (disclosure statement that supports unconfirmable plan should not be approved "to avoid a costly and futile solicitation process").

### A.    The Plan is Not Feasible Because Substantive Consolidation of the September Debtors with the Meruelo Debtors is Improper Under Applicable Law.

In the Disclosure Statement, the September Debtors propose to substantively consolidate the 845 Debtor's and the Chinatown Debtor's bankruptcy estates with the bankruptcy estates of the 54 Meruelo Debtors.  Such attempt is improper because (a) the September Debtors have not articulated the correct standard (let alone any standard) for substantive consolidation in the Ninth Circuit in the Disclosure Statement and (b) even if the September Debtors applied the correct standard, they clearly do not meet it.  Thus, this Court cannot approve the Disclosure Statement to the extent it substantively consolidates the September Debtors with the Meruelo Debtors.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

2

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

1

## 1.    Substantive Consolidation Is a Unique and Exceptional Equitable

2

## Remedy and Must Be Used Sparingly.

3      Substantive consolidation of multiple bankruptcy estates into a single entity for the

4    purpose of pooling their assets and liabilities among all creditors is a "construct of federal

5    common law [and] emanates from equity" and is not specifically enunciated in the

6    Bankruptcy Code. *In re Owens Corning*, 419 F.3d 195, 205 (3rd Cir. 2005); *In re*

7    *Augie/Restivo Baking Company, Ltd.*, 860 F.2d 515, 518 (2nd Cir. 1988) ("Substantive

8    consolidation has no express statutory basis but is a product of judicial gloss."). As such,

9    substantive consolidation is derived "… from the bankruptcy court's general equitable

10    powers as expressed in § 105 of the Bankruptcy Code." *In re Bonham*, 229 F.3d 750, 764

11    (9th Cir. 2000). The main purpose of substantive consolidation "is to ensure the equitable

12    treatment of all creditors." *Id.* The rationale to ensure such equitable treatment is that

13    "[w]ithout the check of substantive consolidation, debtors could insulate money through

14    transfers among inter-company shell corporations with impunity." *Id.*

15      However, it is well settled that substantive consolidation is an extreme remedy and

16    must be used sparingly to protect creditors. *Id.* at 767; *Owens Corning*, 419 F.3d at 209

17    (there is a "nearly unanimous consensus" among the courts that substantive consolidation

18    is to be used sparingly); *Augie/Restivo*, 860 F.2d at 519 ("substantive consolidation should

19    be used only after it has been determined that all creditors will benefit"). Indeed, Courts

20    have made findings of substantive consolidation sparingly, reserving this drastic remedy

21    for such cases involving fraud and "where the creditors of the consolidated entities treated

22    the entities as a unit and the business affairs of the consolidated entities were hopelessly

23    entangled." *Bonham*, 229 F.3d at 764 (substantive consolidation appropriate in case

24    involving multiple debtors engaged in ponzi scheme); *In re Lahijani*, 2005 WL 4658490 at

25    *10 (Bankr. C.D.Cal.) (substantive consolidation ordered after findings of commingling of

26    assets and disregard for corporate form). Typically, courts will only enter an order for

27    substantive consolidation in rare circumstances and will not do so at the expense of

28    creditors' rights. *See e.g.*, *Augie/Restivo*, 860 F.2d at 521 (substantive consolidation

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1  inappropriate to effectuate quick reorganization at expense of creditors' rights); *Owens*

2  *Corning*, 419 F.3d at 213-14 (substantive consolidation denied where there was no

3  prepetition disregard of corporate separateness and "hopeless commingling," to find

4  otherwise would result in severe injustice to secured creditor); *In re Avery*, 377 B.R. 264

5  (Bankr. D. Alaska 2007) (motion for substantive consolidation denied when entanglement

6  of affairs between two debtors were substantially untangled notwithstanding principal's

7  criminal activity); *In re Reserve Capital Corp.*, 2007 WL 880600 (Bankr. N.D.N.Y.,

8  March 21, 2007) (substantive consolidation inappropriate for administrative convenience).

9  As such, "[p]roponents of substantive consolidation have the burden of showing one or the

10  other rationale for consolidation." *Owens Corning*, 419 F.3d at 212.

11      The Ninth Circuit adopted the Second Circuit test set forth in *Augio/Restivo*.  *See*

12  *Bonham* at 229 F.3d at 766.  In *Augio/Restivo*, the Second Circuit used the following two

13  factors to determine if substantive consolidation is appropriate: (i) whether <u>creditors</u> dealt

14  with the entities as a single economic unit and did not rely on their separate identity in

15  extending credit; or (ii) whether the affairs of the debtors are so entangled that

16  consolidation will benefit <u>all</u> creditors.  860 F.2d at 518.

17      In that case, the Second Circuit discussed the first factor with respect to secured

18  creditors rather extensively:

19      > With regard to the first factor, creditors who make loans on the basis of the
    > financial status of a separate entity expect to be able to look to the assets of
20      > their particular borrower for satisfaction of that loan.  Such lenders structure
    > their loans according to their expectations regarding that borrower and do not
21      > anticipate either having the assets of a more sound company available in the
    > case of insolvency <u>or having the creditors of a less sound debtor compete for</u>
22      > <u>the borrower's assets</u>.  Such expectations create significant equities.
    > Moreover, lenders' expectations are central to the calculation of interest rates
23      > and other terms of loans, and fulfilling those expectations is therefore
    > important to the efficiency of credit markets.  Such efficiency will be
24      > undermined by imposing substantive consolidation in circumstances in
    > which creditors believed they were dealing with separate entities.
25

26  *Id.* at 518-19.

27      As to the second factor (an internal inquiry), the Second Circuit examined the

28  debtors' financial situation and found that the "evidence of commingling of assets and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

4

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

1  business functions … in no way approaches the level of [hopelessness].” *Id.* at 519. As

2  such, the Court found substantive consolidation inappropriate. *Id.* at 521.

3      In *Bonham*, the Ninth Circuit adopted and applied the *Augio/Restivo* factors and

4  determined that they both applied as the debtors' assets were commingled, their affairs

5  hopelessly intertwined and that creditors "could not have believed that they were dealing

6  with separate entities." 229 F.3d at 767. Other courts applying the *Augio/Restivo* test have

7  found that substantive consolidation is inappropriate when neither prong is met. *See e.g.,*

8  *Owens Corning*, 419 F.3d 195 (lender made credit decision based on creditworthiness of

9  each entity separately; no commingling); *Avery*, 377 B.R. 264 (first prong not met;

10  business affairs, although entangled, not hopelessly so as to support substantive

11  consolidation); *Reserve Capital*, 2007 WL 880600 (creditors with a claim against an asset-

12  rich debtor should not have its claim reduced through pooling of assets and is entitled to

13  benefit of its bargain with specific entity).

14      **2.    The September Debtors Have Not Satisfied the *Bonham* Factors.**

15      Applying the Ninth Circuit's standard enunciated in *Bonham*, there can be no doubt

16  that the September Debtors have not met the test for substantive consolidation with the

17  Meruelo Debtors. The Disclosure Statement is utterly devoid of any analysis or evidence

18  supporting substantive consolidation of the September Debtors under the *Bonham*

19  standard. Nor can the September Debtors satisfy the conditions for substantive

20  consolidation based on the facts and their admissions in these cases.

21      **a.    Canyon did not deal with the September Debtors and the**

22           **Meruelo Debtors as a single economic unit and relied on**

23           **the September Debtors' separate identities in extending**

24           **credit.**

25      The various agreements between Canyon and the 845 Debtor expressly separate the

26  845 Debtor from the 54 Meruelo Debtors and the Chinatown Debtor, as fully briefed in

27  Canyon's Opposition to Debtors' Motion for Order Directing the Joint Administration of

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

5

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

1  Cases (the "Joint Administration Opposition").[2]  Canyon did not deal with the Meruelo

2  Debtors and the September Debtors as a single economic unit.  For example, when Canyon

3  loaned the 845 Debtor the funds to complete the Project, it made the loan only to the 845

4  Debtor and ensured the proceeds of the loan were segregated from the Chinatown Debtor

5  and the Meruelo Debtors and that separate cash systems were maintained.

6       None of the other alleged creditors[3] of the 845 Debtor are creditors of the Meruelo

7  Debtors.  Nor does the Chinatown Debtor have creditors in common with the Meruelo

8  Debtors or the 845 Debtor (other than the Canyon lien).  The September Debtors do not

9  provide any evidence to the contrary in the Disclosure Statement.  This lack of overlap was

10 the primary reason that the September Debtors' and Meruelo Debtors' Emergency Motion

11 for Order Directing the Joint Administration of Cases filed with this Court on September

12 11, 2009, was denied by this Court as set forth in that certain Order Regarding Joint

13 Administration of Related Cases entered by this Court on October 22, 2009.  Accordingly,

14 the September Debtors cannot meet the first prong of the *Bonham* standard for substantive

15 consolidation.

16       **b.      The affairs of the September Debtors are not entangled**

17       **with those of the Meruelo Debtors.**

18       The September Debtors also fail to satisfy the second prong of the *Bonham* standard

19 for substantive consolidation.  The affairs of the 845 Debtor and the Chinatown Debtor are

20 completely separate from the Meruelo Debtors and from each other, except for Canyon's

21 liens.  Not only are the September Debtors separate legal entities from the Meruelo

22 Debtors, they are not dependent on the Meruelo Debtors' enterprise nor are their

23 operations commingled in any way.[4]  The September Debtors' cash management systems

24
25
26
27
28

---

[2] The Joint Administration Opposition is fully incorporated as if fully set forth herein.

[3] Canyon asserts that it is the only *bona fide* creditor as it has authorized the 845 Debtor to pay the other alleged creditors pursuant to the budget approved by that certain Order Authorizing the Use of Cash Collateral by Debtor Meruelo Maddux – 845 S. Flower Street, LLC entered by this Court on October 23, 2009.

[4] For example, on May 8, 2009, Fred Skaggs testified on Cash Management issues and testified before this Court that "845 South Flower was excluded from the Cash Concentration Account" (at p. 17).  Similarly, Mr. Maddux testified with respect to the separateness of the 845 Debtor as follows:

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1   are separate and independent from the Meruelo Debtors and from each other, and the

2   proceeds from Canyon's loan have <u>never</u> been commingled with funds belonging to the

3   Meruelo Debtors or the Chinatown Debtor.  Thus, the September Debtors cannot satisfy

4   the second prong of the *Bonham* standard.  Substantive consolidation is not warranted

5   here.  Therefore, the September Debtors should not be included in this Disclosure

6   Statement or Plan at all.

7       **B.     <u>The Disclosure Statement Cannot be Approved Because It is Premised</u>**

8            **<u>Upon an Impermissible 363 Sale.</u>**

9       As more fully briefed in Canyon's Opposition to the September Debtors' Motion

10  for 363 Sale (the "363 Opposition"), the 363 Sale proposed by the September Debtors'

11  Sale Motion is impermissible under numerous provisions of the Bankruptcy Code.[5]  The

12  Plan is premised upon successful completion of the 363 Sale (prior to plan confirmation) to

13  provide certain funds to be used for implementation of the Plan.  Because the Plan is

14  contingent upon an impermissible 363 sale, the Plan cannot be confirmed, and is therefore

15  defective on its face.  As caselaw holds, when a plan is defective on its face, the disclosure

16  statement cannot be approved, and no confirmation hearing should be scheduled.

17      At least one court has found that when a debtor proposes a plan in which it seeks to

18  convert apartment units into condominiums and the debtor's secured lender has reason to

19  reject such proposal, such plan will not be considered feasible and the disclosure statement

20  promoting such plan will not be approved, as it is defective on its face.  *See In re*

21  _____

22      Q [by Mr. Geher]:  And did [Canyon] require those amendments in order that
        there's [sic] various covenants that are commonly referred to as SPE separateness
23      covenants?
        A:  Yes.
24      Q:  And [845 Debtor] agreed to that, correct?
        A:  Yes.
25      Q:  And it's the company's intention to always honor those types of provisions
        when it agrees to that, sir, correct?
26      A:  We intend to provide [sic abide] by the provisions as set forth in those
        documents (p. 70).
27

28  These transcript pages are attached as Exhibit F to the Declaration of Lance N. Jurich filed in
    support of Canyon's Reply in support of its Motion for Relief from Stay.
        [5] The 363 Opposition is fully incorporated as if fully set forth herein.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

7

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

*Gingerella*, 155 B.R. 3, 4 (Bankr. D.R.I. 1993).  Accordingly, this Court cannot approve the Disclosure Statement since the Plan is clearly not feasible.

**1.     The proposed 363 Sale does not meet the requirements of 363(f).**

As fully briefed in the 363 Opposition, the 845 Debtor cannot sell condominiums in the Project free and clear of Canyon's lien because it cannot meet the requirements of section 363(f)(5).  This subsection is the only Bankruptcy Code section cited by Debtor as authority for a sale free and clear in this case, as it acknowledges the other subsections of section 363(f) do not apply.  Section 363(f)(5) would allow for a sale free and clear of Canyon's lien if the 845 Debtor can show that Canyon could be compelled to accept a money satisfaction of its interest in a legal or equitable proceeding.  The 845 Debtor has failed to identify any such proceeding.[6]

**2.     The proposed 363 Sale does not meet the requirements of 363(k).**

Canyon has the right to credit bid the full amount of its secured claim (or any part thereof that it may chose) in any sales of the Project, in whole or in part.[7]  The September Debtors' failure to provide for Canyon's right to credit bid is a fatal flaw in the proposed 363 Sale procedures.  The statutory mandate is crystal clear under the Bankruptcy Code:

> In a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise **the holder of such claim may bid at such sale, and,** if the holder of such claim purchases such property, such holder **may offset such claim against the purchase price of such property.**

11 U.S.C. §363(k) (emphasis supplied).  As more fully briefed in the Sale Opposition, without providing Canyon its section 363(k) credit bid rights, no section 363 sale can be approved.  Without approval of the 363 Sale to provide funds for implementation of the Plan, the Plan is not feasible on its face, and therefore the Disclosure Statement cannot be approved.

---

[6] *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (9th Cir. BAP 2008), instructs that a "cram down" under section 1129(b) does not constitute such a legal or equitable proceeding under section 363(f)(5).

[7] This right also applies to sales under a plan, and is expressly incorporated in section 1129(b)(2)(A)(ii).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

8

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

**C.**    **The Plan is Not Feasible With Respect to the September Debtors Because There Can Be No Consenting Impaired Class of Creditors Under Section 1129(a)(10).**

Based on its over $26 million <u>under</u>secured claim, Canyon is not only Debtor's largest secured creditor, but also its largest unsecured creditor in both of the September Debtors' cases.  Canyon's $26 million unsecured claim would control the 845 Debtor's unsecured class of creditors – the only class which could give the 845 Debtor the consenting impaired class vote needed for it to attempt to "cramdown" its Plan upon Canyon under section 1129(b).  Similarly with respect to the Chinatown Debtor, the deficiency for that property would be $75.5 million (the $91.5 million loan balance minus the $16 million value assigned by the Chinatown Debtor), giving Canyon control of that unsecured class as well.

The well-established rule in the Ninth Circuit is that a deficiency claim cannot be classified separately from general unsecured claims absent a legitimate business or economic justification.  *In re Barakat*, 99 F.3d 1520, 1526 (9th Cir. 1996), *see also In re Moorpark Adventure*, 161 B.R. 254 (Bankr. C.D.Cal. 1993) (disallowing separate classification of unsecured deficiency claim from other unsecured claims).  Any attempts by September Debtors to gerrymander impaired consenting classes will be transparent and not allowed to stand.  In order to protect its economic interests, Canyon will reject the Plan.  Without an impaired consenting class of creditors, the Plan cannot be confirmed with respect to the September Debtors, and therefore the Disclosure Statement cannot be approved with respect to them.

**D.**    **The Plan is Not Feasible With Respect to the September Debtors Because it Fails to Meet Cramdown Requirements of Section 1129(b)(2).**

Even though "cram down" under section 1129(b)(2) is not a viable means of confirming the Plan (because there can be no impaired consenting class of creditors), the Plan cannot satisfy the "cram down" requirements in any event, so the Disclosure Statement should not be approved.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

9

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

To "cramdown" a secured creditor under section 1129(b)(2) of the Bankruptcy Code, September Debtors must satisfy one of the three requirements enumerated in section 1129 (b)(2)(A) of the Bankruptcy Code.  *In re Arnold & Baker Farms*, 85 F.3d 1415, 1420 (9th Cir. 1996) (to cramdown a secured creditor, a plan must satisfy either section 1129 (b)(2)(A)(i), (ii) or (iii)).  See also *In re Monarch Beach,* 166 B.R. at 433.

The three tests set forth in section 1129 (b)(2)(A)(i-iii) of the Bankruptcy Code are as follows:

> (1) The creditor retains the lien securing its claim and receives deferred cash payments with a present value at least equal to the claim;
>
> (2) The property securing the claim is sold, *subject to Section 363(k)*, and the lien attaches to the full proceeds of the sale; the lien on the proceeds is then to be treated as described in test (1) or (3); or
>
> (3) The creditor is to realize the indubitable equivalent of its secured claim.

*Arnold & Baker Farms*, 85 F.3d at 1420.

### 1.    Proposed Treatment of the Project Does Not Meet Cramdown Requirements of Section 1129(b)(2).

As to the Project, the first test is not met because Canyon will not retain but rather will be stripped of its lien.  Nor is the second test satisfied, because Canyon is denied its section 363(k) credit bid rights.  Finally, the "indubitable equivalent" standard is not met.  September Debtors cannot prove that condominium unit sales over time are the indubitable equivalent of capturing the current value of the Project as a unitary investment vehicle.  "Indubitable equivalent" means a secured creditor should not be subjected to any increased risk.  *Arnold & Baker Farms*, 85 F.3d at 1422; see also *In re Wiersma*, 227 Fed.Appx. 603, 606-07 (9th Cir. 2007) (secured creditor should not bear increased risk with substituted collateral in the context of indubitable equivalent).  Under the September Debtors' Plan and 363 Sale, Canyon assumes all the risk because it is undersecured, is offered no additional security, and the Plan proposes to finance the reorganization almost exclusively upon the proceeds of Canyon's collateral.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

10

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

1
2

### 2.    Proposed Treatment of the Chinatown Property Does Not Meet Cramdown Requirements of Section 1129(b)(2).

3    The Plan acknowledges that Canyon's lien on the Chinatown Property is subject to

4    an adversary proceeding, initiated by Canyon, seeking declaratory relief as to the extent

5    and validity of its lien.  Nevertheless, the 363 Sale upon which the Plan is premised calls

6    for Canyon's lien on the Chinatown Property to be primed by an HOA Bond (as defined in

7    September Debtors's 363 Sale Motion).  By priming Canyon's senior lien on the

8    Chinatown Property -- a lien that is already seriously underwater given that the $91.5

9    million outstanding on the Loan exceeds the combined value of the two properties ($65

10   million for the Project plus $16 million for the Chinatown Property equals $81 million,

11   representing a $10.5 million deficiency), the Plan fails section 1129(b)(2) standards

12   because Canyon will not retain its senior lien and is not offered the indubitable equivalent

13   of such senior lien.

14   ## II.    THE DISCLOSURE STATEMENT DOES NOT PROVIDE A FACTUAL
15   BASIS FOR THE VALUATION OF THE PROJECT.

16   The Disclosure Statement lacks any factual basis for the valuation of the Project.  A

17   disclosure statement does not contain adequate information necessary for approval if it

18   contains opinions regarding the value of real property that lack factual support.  *In re*

19   *Reilly*, 71 B.R. 132, 135 (Bankr. D. Mont. 1987) (court denied approval of disclosure

20   statement that contained a "… lack of adequate factual basis for valuation" of real estate).

21   The September Debtors' alleged valuation of the Project in the Disclosure Statement of

22   $131,297,350 is misleading for all the reasons set forth in Canyon's Opposition to the 363

23   Sale Motion and in Canyon's Reply in support of its RFS Motion, because the September

24   Debtors do not provide any evidence to support this alleged "valuation."

25   Moreover, as detailed in Canyon's Reply in support of its RFS Motion, the $131

26   million figure is not a fair current market value, but simply a sum of projected gross future

27   cash flows.  Future streams of income can be the basis for a current valuation, but are not

28   in and of themselves a current value, despite the September Debtors' attempts to argue

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

11

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

1  otherwise.  A gross sales proceeds figure does not factor in the costs of sales, time value of

2  money, discount rate, present value, or risk, all of which are essential attributes of fair

3  market value.  Failure to provide disclosure of a valid fair market valuation of the 845

4  Property is grounds to deny approval of the Disclosure Statement.

5  **III.    THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE**

6  **INFORMATION REGARDING SUBSTANTIVE CONSOLIDATION.**

7      The Disclosure Statement lacks any information about the effects of substantive

8  consolidation on the September Debtors' creditors.  Under section 1125(a)(1) of the

9  Bankruptcy Code, a plan of reorganization must contain "adequate information."

10  "Adequate information is defined as information which is sufficiently detailed enough to

11  'enable a hypothetical reasonable investor ... to make an informed judgment about the

12  plan.'"  *In re Kelley*, 199 B.R. 698, 703 (9th Cir. BAP 1996) *citing* 11 U.S.C. § 1125(a)(1).

13  Disclosure statements that contemplate substantive consolidation as part of a plan of

14  reorganization must contain adequate information about the effects of substantive

15  consolidation.  *See In re Lisanti Foods, Inc.*, 329 B.R. 491, 508 (D.N.J. 2005) (disclosure

16  statement needs to describe effect of substantive consolidation on creditors' recoveries as

17  well as the assets and liabilities of the estates consolidated into a single entity).  The

18  rationale for courts requiring adequate information in a disclosure statement that seeks

19  substantive consolidation is that substantive consolidation is an "extreme" remedy, is a

20  form of "rough justice" and should be used as a "last resort."  *Owens Corning*, 419 F.3d at

21  211.  Since the Plan anticipates the substantive consolidation of the September Debtors

22  with the Meruelo Debtors, the Disclosure Statement must provide information relating to

23  the effect of substantive consolidation on Canyon's claims in the September Debtors'

24  bankruptcy cases.  There currently is none.

25  **IV.    CONCLUSION**

26      The Disclosure Statement cannot be approved.  The Disclosure Statement

27  accompanies a patently unconfirmable plan.  The Plan cannot be confirmed for the reasons

28  set forth herein.  The Disclosure Statement fails the requirements under section 1125 of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

12

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

1 Bankruptcy Code because (i) the Plan is unconfirmable on its face (because, among other

2 things, it proposes a 363 sale and substantive consolidation, both of which are

3 impermissible); (ii) it fails to provide a factual basis for the valuation of the Project, and

4 (iii) it fails to provide adequate information regarding substantive consolidation.

5      As such, Canyon respectfully requests entry of an order (a) sustaining this

6 Objection, (b) denying approval of the Disclosure Statement as to the 845 Debtor and the

7 Chinatown Debtor, (c) barring the dissemination of the Plan with respect to the 845 Debtor

8 and the Chinatown Debtor, and (d) granting Canyon such other and further relief as this

9 Court deems appropriate under the circumstances.

10

11 Dated:  January 6, 2010              LOEB & LOEB LLP

12                                   Andrew S. Clare
Lance N. Jurich
Derrick Talerico

13

14                                   ARNOLD & PORTER LLP
Lisa Hill Fenning

15

16                         By:   /s/  Lance N. Jurich
                               Lance N. Jurich

17                                Attorneys for Secured Creditor
CANPARTNERS REALTY HOLDING

18                                COMPANY IV LLC

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1920653.6
012794-10022

13

OBJECTION TO DEBTORS' DISCLOSURE STATEMENT